# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | Case No.: 2:24-cr-00164-RDP |
| } | |
| **CHRISTOPHER D. MAYS** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION & ORDER

This matter is before the court on Christopher D. Mays's Motion to Dismiss the Indictment. (Doc. # 15). The court held a hearing on the Motion on October 16, 2024 (*see* Doc. # 25), and the Motion is now fully briefed and ripe for review. (Docs. # 15, 18, 19, 23, 26, 27). For the reasons discussed below and with the benefit of oral argument, the Motion (Doc. # 15) is due to be denied.

**I.    Background**

    **A.    General Background**

On or about December 16, 2023, following the arrest of Christopher D. Mays ("Defendant") for public intoxication, a Springfield 9-millimeter semi-automatic pistol was found in a vehicle belonging to Defendant. (Docs. # 1 at 1; 19 at 1 n.1). On April 25, 2024, a Northern District of Alabama Grand Jury returned an Indictment against Defendant for violating 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from being in possession of a firearm. (*Id.*). The Government contends that at the time of his arrest, Defendant had been convicted of the offense of Theft of Property, First Degree, which is an offense punishable by imprisonment for a term exceeding one year. (*Id.*). On May 16, 2024, Defendant appeared before the Honorable Judge Gray M. Borden where he was advised of his rights and the charge against him. (Minute Entry, May 16, 2024).

Defendant filed this Motion to Dismiss (Doc. # 15) on July 15, 2024, asserting that the Indictment is due to be dismissed because the charge violates Defendant's Second Amendment rights. (*Id.* at 1). Specifically, Defendant argues that § 922(g)(1) is unconstitutional, both on its face and as applied to him. (*Id.*). Defendant asserts that laws regulating firearm possession must comport with our nation's history and tradition of firearms regulation (*id.* at 1-2 (citing *United States v. Rahimi*, 602 U.S. 680, 690 (2024), *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 10 (2022), *District of Columbia v. Heller*, 554 U.S. 570, 629-30 (2008)), § 922(g)(1) impermissibly burdens Defendant's Second Amendment rights both facially and as applied to him (*id.* at 2-6), and the Supreme Court's decision in *Bruen* undermined the Eleventh Circuit decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) (holding § 922(g)(1) constitutional) to the point of abrogation (*id.* at 6-7).

**B.    Arguments Presented**

On October 16, 2024, the court held a hearing to address the issues raised in Defendant's motion. (Doc. # 22). Defendant acknowledged that if the court were to conclude that *Rozier* is still binding precedent, that would foreclose Defendant's facial challenge. (Doc. # 25 at 2). But, he contends that would not preclude his as-applied challenge. The Government argued that it was unaware of any Eleventh Circuit opinions that held a law facially constitutional while holding the same law unconstitutional as applied. (*Id.* at 4). Defense counsel urged that they are unaware of any Eleventh Circuit cases that applied *Rozier* to foreclose an as-applied challenge where a conviction was the same as the one in the instant case (Theft of Property, First Degree). (*Id.* at 5, 8). Counsel also contend that while *Rozier* and the later Eleventh Circuit case *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) reasoned that felons are not entitled to Second

Amendment protections because they are not law-abiding or responsible citizens, *Rahimi* rejected this theory. (*Id.* at 10).

Regarding Defendant's underlying felony, the Government maintains that his conviction, Theft of Property (and specifically, theft of a motor vehicle), is analogous to theft of a horse at the time the Second Amendment was adopted, and that theft of a horse was punishable by cutting off the offender's ear. (*Id.* at 15-16). Defense counsel pointed out that the Government's analog failed to illustrate how cutting off an offender's ear creates a tradition of disarming horse thieves. (*Id.* at 17). At the end of the hearing, the court indicated that it would likely grant a request to file supplemental briefing on the constitutionality of § 922(g)(1) as applied to Defendant's case. (*Id.* at 20). The parties then informally requested to file such supplemental briefing and did so. (*See* Docs. # 26, 27). This matter is now under submission.

## II.     Legal Standard

Federal Rule of Criminal Procedure 12 allows a defendant to bring a pretrial motion challenging a criminal indictment. Fed. R. Crim. P. 12(b)(3). A court may dismiss a criminal indictment that is legally insufficient. *See* Fed. R. Crim. P. 12(b)(3)(B); *United States v. Durrett*, 524 F. App'x 492, 494 (11th Cir. 2013) (per curiam); *United States v. Schmitz*, 634 F.3d 1247, 1260 (11th Cir. 2011); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). An indictment is defective if it alleges a violation of an unconstitutional statute. *United States v. Brown*, 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010); *see The Civil Rights Cases*, 109 U.S. 3, 8-9 (1883).

## III.    Discussion

Defendant moves to dismiss the Indictment, arguing that § 922(g)(1) is unconstitutional on its face and as applied because it violates the Second Amendment right to keep and bear arms.

3

(Doc. # 15). To support this argument, Defendant relies primarily on the Supreme Court's decisions in *United States v. Rahimi*, 602 U.S. 680, 690 (2024), *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 10 (2022), and *District of Columbia v. Heller*, 554 U.S. 570, 629-30 (2008). Below, the court evaluates the facial and as-applied challenges, in turn.

### A.     Facial Challenge

Initially, the court notes that "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Defendant's facial challenge to § 922(g)(1) fails because binding Eleventh Circuit precedent forecloses this argument, and this precedent has not in any way been clearly abrogated or overruled by an en banc panel of the Eleventh Circuit.

In *United States v. Rozier*, the Eleventh Circuit rejected a Second Amendment challenge to § 922(g)(1). 598 F.3d 768 (11th Cir. 2010) (per curiam). In doing so, the *Rozier* panel cited the Supreme Court's clear admonition in *District of Columbia v. Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 771 (quoting *Heller*, 554 U.S. at 626). As our Circuit reasoned, "[t]his language suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment" and concluded that § 922(g)(1) is constitutional. *Rozier*, 598 F.3d at 771. Thus, the success of Defendant's argument hinges on whether this court is still bound by *Rozier* in light of the Supreme Court's recent decision in *Bruen*.

Under the prior panel precedent rule, an Eleventh Circuit holding is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

4

To overrule Eleventh Circuit precedent, a Supreme Court ruling must be "clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003) (per curiam); *NLRB v. Datapoint Corp.*, 642 F.2d 123, 129 (5th Cir. Unit A Apr. 1981) ("Without a clearly contrary opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court.").[1]

Applying this standard, this court has previously held that *Rozier* remains binding precedent in this Circuit. *See United States v. Hunter*, 645 F. Supp. 3d 1247, 1254 (N.D. Ala. 2022) ("[T]he *Bruen* decision did not overrule *Rozier*, nor did it undermine that decision to the point of abrogation. Thus, because the Eleventh Circuit decided that the *Heller* dictum is persuasive, it is for the Eleventh Circuit[, not this court,] to decide whether to depart from that holding. *Rozier* is still good law, and this court must apply it. Section 922(g)(1) is constitutional."); *United States v. Oliver*, 2023 WL 7115572, at *1 (N.D. Ala. 2023); *United States v. Gilbert*, 2023 WL 4708005, at *1 (S.D. Ala. 2023) (Dubose, J.); *United States v. Woodgett*, 23-cr-00257, at 3 (N.D. Ala. Dec. 19, 2023).

Not only that, but a recent Eleventh Circuit opinion plainly reiterated the point that *Bruen* did not abrogate *Rozier*. *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) ("*Bruen* did not abrogate *Rozier*."). Defendant calls attention to the fact that *Dubois* was issued before the Supreme Court's "reiteration of the *Bruen* framework in *Rahimi*," and therefore urges that *Dubois* does not elucidate Eleventh Circuit law post-*Rahimi*. (Doc. # 15 at 6 n.4). However, the reasoning in *Dubois* still applies because the prior panel precedent rule directs this court's decision. As the panel in *Dubois* noted, "To abrogate a prior-panel precedent, 'the later Supreme Court decision

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981 constitute binding precedent in the Eleventh Circuit).

5

must "demolish" and "eviscerate" each of its "fundamental props."'" *Dubois*, 94 F.4th at 1293 (quoting *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022)).

*Rahimi* simply did not demolish or eviscerate the fundamental props of *Rozier*. *Rozier* indicated that the Defendant's "Second Amendment right to bear arms is not weighed in the same manner as that of a law-abiding citizen, such as the appellant in *Heller*." *Rozier*, 598 F.3d at 771. The opinion then quoted the majority opinion in *Heller*, which stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* (quoting *Heller*, 554 U.S. at 626). Based on this reasoning, the panel in *Rozier* concluded that § 922(g)(1) was "a constitutional avenue to restrict the Second Amendment right of certain classes of people." *Id.*

The majority opinion in *Rahimi* did not reference § 922(g)(1). It upheld as constitutional § 922(g)(8), which bans firearm possession by individuals subject to a restraining order that "contains a finding that an individual poses a credible threat to the physical safety of an intimate partner." *Rahimi*, 602 U.S. at 690. The majority based this holding on its application of the two-step *Bruen* framework, highlighting historical analogs to this type of firearm regulation as well as the nation's regulatory tradition. *See id.* at 693-700. Indeed, the majority rejected:

> the Government's contention that [Defendant] may be disarmed simply because he is not "responsible." "Responsible" is a vague term. It is unclear what such a rule would entail. Nor does such a line derive from our case law. In *Heller* and *Bruen*, we used the term "responsible" to describe the class of ordinary citizens who undoubtedly enjoy the Second Amendment right. *See, e.g.*, *Heller*, 554 U.S. at 635; *Bruen*, 59 U.S. at 70. But those decisions did not define the term and said nothing about the status of citizens who were not 'responsible.' The question was simply not presented.

*Id.* at 701-02 (some citations omitted).

*Rahimi* did not eviscerate or demolish the core components of *Rozier*. The majority in *Rozier* did not use the term "responsible" or any phrase like it, but instead referenced the

6

unchallenged and unremarkable proposition that a felon's "Second Amendment right to bear arms is not weighed in the same manner as that of a law-abiding citizen, such as the appellant in *Heller*." *Rozier*, 598 F.3d at 771. *Rahimi* therefore does not come close to clearly abrogating this prior-panel precedent in the Eleventh Circuit.

Based on a review of unpublished Eleventh Circuit decisions issued after *Rahimi*, it appears that the Eleventh Circuit would likely agree with this court's decision to not singlehandedly conclude that *Rahimi* had abrogated prior panel precedent in this Circuit. As the court noted during the hearing on this Motion (Doc. # 15), there is a plethora of unpublished cases in the Eleventh Circuit that have reaffirmed *Rozier* and *Dubois* post-*Rahimi*.[2] These include *United States v. Hester*, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam) (Chief Judge Pryor and Circuit Judges Wilson and Luck); *United States v. Bass*, 2024 WL 3861611, at *3 (11th Cir. Aug. 19. 2024) (per curiam) (Circuit Judges Wilson, Branch, and Luck); *United States v. Young*, 2024 WL 3466607, at *8-9 (11th Cir. July 19, 2024) (per curiam) (Circuit Judges Wilson, Jill Pryor, and Luck) ("The Supreme Court's recent decision in *United States v. Rahimi* does not change our analysis." *Id.* at *9); *United States v. Johnson*, 2024 WL 3371414, at *3 (11th Cir. July 11, 2024) (per curiam) (Circuit Judges Wilson, Jill Pryor, and Luck) ("The Supreme Court's recent decision in *United States v. Rahimi* does not change our analysis."); *United States v. Whitaker*, 2024 WL 3812277, at *3 (11th Cir. Aug. 14, 2024) (per curiam) (Circuit Judges Rosenbaum, Newsom, and Grant) ("Neither *Bruen* nor *Rahimi* abrogated *Rozier* or *Dubois*."); *United States v. Lowe*, 2024 WL 3649527, at *3 (11th Cir. Aug. 5, 2024) (per curiam) (Circuit

---

[2] Defendant also acknowledges these unpublished decisions that "continued to follow *Rozier* and *Dubois*," but highlights that "many of those cases were addressed under plain error review and/or involved only facial challenges to § 922(g)(1)." (Doc. # 26 at 2 n.2). The court also lists the judges who were on the panels for these decisions to demonstrate the diversity of Eleventh Circuit panels that have consistently held that *Rozier* was not abrogated by *Bruen* or *Rahimi*.

7

Judges Rosenbaum, Abudu, and Anderson) ("Neither *Bruen* nor *Rahimi* abrogates *Rozier* or *Dubois*."); *United States v. Sheely*, 2024 WL 4003394, at *3 (11th Cir. Aug. 30, 2024) (per curiam) (Circuit Judges Rosenbaum, Brasher, and Abudu) ("Nor is *Rahimi* clearly on point, as the Supreme Court in that case addressed a different section of § 922(g) – § 922(g)(8). And it abrogated neither *Rozier* or *Dubois*."); *United States v. Rambo*, 2024 WL 3534730, at *2 (11th Cir. July 25, 2024) (per curiam) (Circuit Judges Grant, Brasher, and Abudu) ("The Supreme Court's decision in *United States v. Rahimi* did not abrogate *Dubois* or *Rozier* because it did not "demolish" or "eviscerate" the "fundamental props" of those precedents."); *United States v. Volz*, 2024 WL 4432995, at *2 (11th Cir. Oct. 7, 2024) (per curiam) (Circuit Judges Lagoa, Brasher, and Abudu) ("the Supreme Court's recent decision in *United States v. Rahimi* does not undermine our analyses in *Rozier*, *Dubois*, or *Dunlap*.").

Therefore, based on the court's own reading of *Rahimi*, *Rozier*, and *Dubois*, as well as multiple on-point (albeit unpublished) Eleventh Circuit decisions, the prior-panel precedent rule controls here. Although Defendant continues to press his facial challenge to § 922(g)(1) based on the "lack of relevantly similar historical regulations categorically imposing a lifetime ban on felon possession of firearms" (Doc. # 26 at 8 n.3), it bears repeating that it is not this court's role to make this decision when there is binding precedent that controls. "As a district court bound to follow the Eleventh Circuit's controlling precedent, it is not for [this] [c]ourt to decide whether *Bruen* may ultimately be held to abrogate *Rozier* – in either a facial or as-applied challenge. 'That question can only be answered by the Supreme Court or [the Eleventh Circuit] sitting en banc.'" *United States v. Pettway*, 2024 WL 231843, at *6 (S.D. Ala. Jan. 22, 2024) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003)). Because *Rozier* has not been clearly overruled or

8

undermined to the point of abrogation, this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment under a facial challenge.

### B. As-Applied Challenge

For similar reasons, Defendant's as-applied challenge also fails. Defendant argues that § 922(g)(1) is unconstitutional as applied here because permanently disarming an individual for a non-violent property crime is not within the nation's historical tradition of firearm regulation. (*See* Doc. # 15 at 5). Defendant specifically addresses the historical analog of horse thievery that the Government raised at the hearing on October 16, 2024, explaining that this is not evidence of a "historical *firearm* regulation" (Doc. # 26 at 9) and citing a Third Circuit opinion that rejected a similar argument. (*Id.* (citing *Range v. Atty. Gen.*, 69 F.4th 96, 105 (3d Cir. 2023)). The Government responded by pointing to *Rozier* and *Dubois* as controlling precedents and highlighting unpublished panel decisions in the Eleventh Circuit that held § 922(g)(1) constitutional on its face and as applied. (Doc. # 27 at 3).

Instead of identifying as-applied challenges that succeeded despite a failed facial challenge, Defendant appears to return to the question of whether a facial challenge to § 922(g)(1) could survive. Defendant does this by outlining how "neither *Dubois* nor *Rozier* comply with *Bruen* and *Rahimi*'s text-and-history methodology." (Doc. # 26 at 2). But this does not change the precedential effect of those decisions considering the prior-panel precedent rule. Defendant also does this by pointing out that the Supreme Court recently "GVR'd" (granted, vacated, and remanded without a lengthy opinion) multiple cases that presented the question of whether § 922(g)(1) is constitutional post-*Rahimi*. (*See id.* at 3-4). Further, Defendant emphasizes, the Sixth Circuit and Fifth Circuit have concluded that prior precedent upholding the constitutionality of § 922(g)(1) no longer controls post-*Bruen* and post-*Rahimi*. (*Id.* at 4 (citing *United States v.*

9

*Williams*, 113 F.4th 637 (6th Cir. 2024), *United States v. Diaz*, 116 F.4th 458, 465-66 (5th Cir. 2024)).

Although Defendant's discussion of the Supreme Court's GVR decisions as well as rulings from sister circuits is certainly notable, it cannot overcome the high bar for this court to conclude that prior-panel precedent has been overruled or abrogated. Therefore, this court is bound by *Rozier* and *Dubois*, which held that § 922(g)(1) is facially constitutional.

Furthermore, § 922(g)(1) is constitutional as applied. The Eleventh Circuit has written that "the line between facial and as-applied relief is a fluid one." *Doe # 6 v. Miami-Dade Cnty.*, 974 F.3d 1333, 1338 (11th Cir. 2020) (quoting *Am. Fed'n of State, Cnty. & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851, 865 (11th Cir. 2013)). Here, that fluidity is especially apparent, where Defendant argues that a straightforward application of § 922(g)(1) is unconstitutional because the Government cannot offer a historical analog to this specific felony.

But Defendant's theory is inconsistent with the reasoning in numerous unpublished Eleventh Circuit decisions considering as-applied challenges. These decisions follow the prior-panel precedent rule to hold that § 922(g)(1) is constitutional as applied when it is applied to a defendant who has stipulated or been proven to have committed a qualifying felony. *See United States v. Reaves*, 2024 WL 4707967, at *3 (11th Cir. Nov. 7, 2024) ("The statute was constitutional as applied to Reaves [Defendant] because he stipulated to the facts that he possessed a firearm and that he knew he was a convicted felon at the time of his arrest.") (citing *Rehaif v. United States*, 588 U.S. 225, 237 (2019)); *United States v. Barnes*, 2024 WL 4589481, at *4 (11th Cir. Oct. 28, 2024) (similar) (citing 18 U.S.C. § 922(g)(1); *Rehaif*, 588 U.S. at 237)); *United States v. Dukes*, 2024 WL 4563933 (11th Cir. Oct. 24, 2024) (applying prior panel precedent rule); *United States*

10

*v. Morrissette*, 2024 WL 4709935 (11th Cir. Nov. 7, 2024) (similar); *United States v. Volz*, 2024 WL 4432995, at *2 (11th Cir. Oct. 7, 2024) (similar).

Here, a federal grand jury charged Defendant with "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, [and] knowingly possess[ing] a firearm." (Doc. # 1 at 1). Although Defendant has not stipulated or been proven to have committed a qualifying felony or possessed a firearm in violation of § 922(g)(1), the only question at this posture (i.e., on a Motion to Dismiss the Indictment) is whether the Indictment violated Defendant's constitutional rights. Because the Indictment properly charged Defendant with violating § 922(g)(1), Defendant cannot succeed on an as-applied challenge at this stage.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss the Indictment (Doc. # 15) is **DENIED**.

**DONE** and **ORDERED** this January 14, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE